Oliver V. Trump
Complaint

United States District Court

For the Eastern District of Kentucky

Eastern District of Kentucky
FILED

APR 0 1 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

Civil Action No. _____

| | |
|---|---|
| Tanyqua Oliver, Abolitionist-Media | *Real Party(s) in Interest;* |
| *Pro se Plaintiff* | **United States Department of** |
| V. | **Education: Office of Civil Rights** |
| **Donald Trump, In his Official and** | |
| **Individual Capacity** as President of the | |
| US, *Defendant;* | |

## Civil Rights Complaint

#AbolishTheSchooltoPrisonPipeline

Today is Tuesday, April 1, 2025

### Legal Authorities and Jurisdiction:

42 U.S.C. 1983

USC 1st Amendment; Press, Assembly, Petition

*Patsy v. Bd. of Regents, 457 U.S. 496*

*The Doctrine of Primary Jurisdiction*

*White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145*

*Ellis v. Tribune TV Co., 443 F.3d 71*

*Brown v. Bd. of Educ., 347 U.S. 483*

*Johnson V Rogers, 917 F.2d at 1285*

KRS 158.150

### Parties:

1

Oliver V. Trump
Complaint

*Tanyqua Oliver;*

Tanyqua Oliver, Abolitionist-Media

1088 Nandino Blvd #11085 Lexington, KY 40511

WeDemandQualityOfLife@gmail.com 513-399-7237

*Defendant;*

1. Donald Trump, President of the United States of America

1600 Pennsylvania Avenue Washington, D.C. 20500

*Real Party(s) in Interest:*

1. United States Department of Education Office of Civil Rights

The Wanamaker Building 100 Penn Square East, Suite 515 Philadelphia, PA

## Statement of Claim:

I. This Eastern District of the United States District Court has jurisdiction over this matter as the virtual assembly and submission of a petition for redress of a class grievance construed by Tanyqua Oliver transpired in Lexington, KY USA.

II. Tanyqua Oliver asserts *The Primary Jurisdiction Doctrine* and that in an effort to abolish the school to prison pipeline that predominately affects but not limited to Black and/or African American students; that Tanyqua Oliver submitted the first two of many petitions for a redress of her grievance to the United States Department of Education Office of Civil Rights on January 25, 2025 and whereas the first two were received on January 27, 2025 nearly two months prior to the defendant's executive order 14242 that was issued and signed by the defendant on March 20,

Oliver V. Trump
Complaint

2025 as required and established within *Ellis v. Tribune TV Co., 443 F.3d 71* to apply *the primary jurisdiction doctrine.* Please see exhibit #3.

III. Tanyqua Oliver asserts that the defendant; President Donald Trump, acting under the color of law, has stepped outside of his constitutional authority by abridging and causing ongoing irreparable injury through an unconstitutional, vague and broad sweeping executive order #14242 to Tanyqua Oliver's right to assemble and petition the United States Department of Education Office of Civil Rights in various states as an abolitionist for the first two petitions already submitted and the Work ahead that Tanyqua Oliver has committed to as an abolitionist.

IV. Tanyqua Oliver, asserts that because of the defendant's actions to close the United States Department of Education, that she is suffering a maturing irreparable injury to her right to assemble and petition a federal agency; *The United States Department of Education Office of Civil rights*, that originally retained the resources and jurisdiction to represent, investigate and mediate allegations on the behalf all affected that she is advocating for, including herself as Tanyqua Oliver is not a civil rights attorney.

V. Tanyqua Oliver additionally asserts that The United States Department of Education Office of Civil Rights is the agency of primary jurisdiction and whereas state departments do not maintain sole or primary jurisdiction over constitutional questions involving civil rights violations as ruled in *Patsy v. Bd. of Regents, 457 U.S. 496.*

3

VI. Tanyqua Oliver asserts that requiring Tanyqua Oliver and any class of persons that she has and may continue to assemble, to exhaust state remedies, would induce prejudice through unjustified delays as administrative and state procedures can be lengthy as individual students that have, are or may be suffering an irreparable injury to equal access to a public education, will substantially and irreparably accrue and whereas this court must *"balance the advantages of applying the doctrine"* as ruled in *White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145*

VII. Tanyqua Oliver asserts that applying the doctrine would be in the interest of justice and would further more speed up the process to allow innocent and/or capable children to return to their public common school, their school activities, prom, public sports involvement, mentorship and public social settings as *"Justice Delayed is Justice Denied"* as ruled in *Johnson V Rogers, 917 F.2d at 1285.*

VIII. Tanyqua Oliver asserts that every single day that she is denied the right to assemble and petition the United State Department of Education Office of Civil Rights, that Tanyqua Oliver as the leading petitioner is irreparable harmed by denying Tanyqua Oliver the 1st amendment right to assemble and petition the government through federal agencies in an effort to mitigate a maturing injury to equal access to a public education per the USC 14th Amendment, a maturing injury of intentional infliction of emotional distress, and an injury to any State law granting the right to a hearing in front of a local school board or appeals committee such as KRS

4

158.150; shall continue to accrue. Not one single day since March 20, 2025 can be retrieved as there is no time machine available.

IX. Tanyqua Oliver asserts that in accordance with *Ellis v. Tribune TV Co., 443 F.3d 71* that 1)Policy Considerations of Public Schools that include but are not limited to Fayette County and Jefferson County Public Schools within the state of Kentucky; that are the subject of the first two complaints submitted, are within the U.S. Department of Education Office of Civil Rights' particular field of expertise 2) that the U.S. Department of Education Office of Civil Rights reserves the authority and discretion to investigate all current and future petitions submitted by Tanyqua Oliver 3) There is a substantial danger of inconsistent rulings as there is a conflict of interest between State departments along with their respective local school districts and whereas State Departments nor local school departments are going to incriminate themselves. The U.S. Department of Education Office of Civil Rights can complete their investigation without conflict of interest. See exhibit#2, where the Kentucky Department of education issued a final order towards Tanyqua Oliver and child frivolously claiming that Tanyqua Oliver's child's name is Zachary and that the child was recommended for expulsion by the board of Education and whereas Tanyqua Oliver's child's name is not Zachary and has never been recommended for expulsion by any Board of Education 4) That Tanyqua Oliver 's petition was sent and received by the U.S. Department of Education Office of Civil Rights and additionally was assigned an

5

investigator before the defendant's executive ORDER *"Improving Education Outcomes by Empowering Parents, States, and Communities"*.

X. Tanyqua Oliver asserts that administrative procedures by public schools enabling the school to prison pipeline are an issue of public interest and of public importance as a class of individual's demands REFORM of the Department of Education at both the state and federal levels. Please see link: *Change.org/AbolishTheSchoolToPrisonPipeline* where there are over 100 verified signatures.

XI. The defendant; President Donald Trump, acting under the color of law, abridge Tanyqua Oliver's right to petition the United States Department of Education Office of Civil rights for pivotal oversight and accountability of an ongoing school to prison pipeline that continues to predominately put Black and/or African American students at high risk of recidivism versus desistance across the entire nation.

XII. Tanyqua Oliver asserts that accountability of state departments of education through the United States Department of Education Office of Civil Rights is nonnegotiable to prevent, intervene and mitigate ongoing irreparable harm to equal access to a public education to Tanyqua Oliver and her own child as well as all other parents/guardians alike in various states across the country and whereas the defendant, acting under color of law and stepping outside of his constitutional authority, abridges Tanyqua Oliver's means of recourse that is the most suitable and effective for a

thorough investigation into all allegations through administrative procedures.

### Other Civil Actions Filed in the United States District Court:

*Cases Pending: 25-CV-85, 25-5271 (unrelated to this complaint)*

Tanyqua Oliver is a member of the media that is regularly targeted by government officials such as Judicial officers in the peaceful exercise of her 1st amendment rights to press, speech, assembly and petition whom regularly speaks out against the government and public corruption as an Activist/Abolitionist. Tanyqua Oliver has petitioned this court for redresses of her grievances and will continue to.

### Relief Sought and Conclusion:

Tanyqua Oliver moves this court through a civil complaint along with a separate motion for an immediate restraining ORDER against the defendant *without notice* as Tanyqua Oliver's right to assemble and petition has been abridged and irepparable injury continues to accrue without one. Additionally, Tanyqua Oliver and her own child along with all other parents alike along with their children have suffered, are suffering and will continue to suffer ongoing irreparable damages to our children's equal access to a public education established within *Brown V. Bd. Of Ed., 347 U.S. 483* that is predominately due to our children's race as Black and/or African American students at the fault of our local school districts in addition to the failure to intervene by our state departments of education that closely resemble the negligence presented within exhibit #2 elaborated on in clause #9 of the statement of claim and whereas Tanyqua Oliver additionally moves for the following:

Oliver V. Trump
Complaint

I. The Plaintiff Moves this Court to REVERSE the defendant's executive ORDER, seen as exhibit#1 as Executive Order 14242 is hereby deemed unconstitutional, vague and broad sweeping with special regards towards *The United States Department of Education Office of Civil Rights.*

II. A restraining ORDER against the defendant without notice to refrain from closing any federal agency that investigates civil rights complaints that Tanyqua Oliver may assemble and petition for a redress of any grievance per USC 1st amendment as abridging civil rights is not within the constitutional authority of the President of the United States of America.

III. An ORDER to re-in state and finance the United States Department of Education; Office of Civil Rights IMMEDIATELY as maturing irreparable injury to Tanyqua Oliver's right to assemble and petition the United States Department of Education Office of Civil Rights on the behalf of herself and other citizens of the country that retain the same right with regard to equal access to a public education, disability accommodations and the ability to enroll our children in any public common school in our respective local school districts continues to accrue and whereas the U.S. Department of Education Office of Civil Rights is the federal agency of primary jurisdiction to mitigate damages and enforce policy reform with regard to civil right violations as ruled in *Brown V. Bd. Of Ed., 347 U.S. 483, White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145, Ellis v. Tribune TV Co., 443 F.3d 71* and *Patsy v. Bd. of Regents, 457 U.S. 496.*

IV.   Tanyqua Oliver additionally moves this court for an ORDER directing the defendant to educate himself on the fact that the United States of America is a country rooted in democracy and that he may not tread on our rights through a surplus amount of abrupt executive orders.

## Closing:

Many students along with their families such as Tanyqua Oliver and child are currently being deprived of the right to petition, press, speech, procedural due process, disability accommodations and equal access to a public education predominately due to being black and/or African American.

Tanyqua Oliver asserts that the Defendant, acting under the color of law, is stepping outside of his constitutional authority and is currently abridging Tanyqua Oliver's first amendment right to assemble and petition the government through the United States Department of Education: Office of Civil Rights for a redress of her grievance by executive order 14242 signed by the defendant on March 20, 2025.

Tanyqua Oliver asserts that the first two of many petitions for a redress of a common grievance to abolish the school to prison pipeline as an abolitionist as well as a parent equally affected was submitted on January 25, 2025, received on January 27, 2025. Correspondence with the United States Department of Education Office of Civil Rights began on January 31, 2025 and that an investigator was assigned on March 10, 2025. See exhibit #3. Tanyqua Oliver asserts that she petitioned FIRST in alignment with the four Ellis factors established to apply *The Primary Jurisdiction Doctrine.*

Tanyqua Oliver asserts that state departments of education such as the Kentucky Department of Education, while acting under the color of state law, have and will

9

continue to negligently *failed to intervene, deprived* or *conspired* to deprive Tanyqua Oliver and other citizens of the right to procedural due process, disability accommodations, equal protections of the laws and equal access to a public education predominately because of race and whereas the alternatives given by the defendant, are the furthest from the interest of justice.

Tanyqua Oliver asserts that the Kentucky Department of Education and many other state departments of education have historically proven themselves to be not in the best interest of justice and whereas although there are more appellate state procedures that must be exhausted in lieu of due process that the 1st, 4th and 14th amendment violations that Tanyqua Oliver has petitioned the United States Department of Education: Office of Civil Rights to address, do not require her to exhaust state remedies and that federal and civil rights questions of law are reserved for the federal government and/or parallel litigation as ruled in *Patsy V. Bd. Of Regents, 457 U.S. 496, 498, The Doctrine of Primary Jurisdiction, White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145* and *Ellis v. Tribune TV Co., 443 F.3d 71*.

The executive ORDER signed by the defendant on March 20, 2025 is herby deemed *unconstitutional* by giving state agencies sole jurisdiction of federal and civil rights questions of law.

Tanyqua Oliver asserts that *"justice delayed, is justice denied"* as ruled in *Johnson V. Rogers, 917 F.2d at 1285* and whereas being mandated to exhaust state remedies would exasperate an ongoing irreparable injury for Tanyqua Oliver and other citizen's right's to equal access to a public education, procedural due process, disability accommodations and more.

Oliver V. Trump
Complaint

Finally, Tanyqua Oliver asserts that this is not a procedural due process claim but rather a 1st amendment claim for abridging Tanyqua Oliver's personal right to assemble and petition the United States Department of Education Office of Civil Rights as an activist-abolitionist.

### Certification:

Under rules of federal procedure 11, by signing below, I, Tanyqua Oliver; Tanyqua Oliver certify to the best of my knowledge, information and belief that this petition is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation.

This complaint and emergency motion for a restraining ORDER against the defendant is supported by existing constitutional civil rights, common law and established doctrines. The factual contentions have evidentiary support preserved per Fed.R.Civ.P. 26 and are attached. This complaint complies with rule 11.

X _____ /s/Tanyqua Oliver/s/ Tanyqua Oliver, Abolitionist

1088 Nandino Blvd #11085 Lexington KY 40511

Tanyqua5@gmail.com 513-399-7237

### Certificate of Service:

I, Tanyqua Oliver, hereby certify that the foregoing document was served upon the following on or before 4/1/2025 by Certified USPS mail:

1. Donald Trump, President of the United States of America

1600 Pennsylvania Avenue Washington, D.C. 20500

2. United States Department of Education Office of Civil Rights

The Wanamaker Building 100 Penn Square East, Suite 515 Philadelphia, PA 19107

11